STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

KATHLEEN T. PARKS
Plaintiff

V. C.A. No. 06 - 1448

LIFETOUCH PORTRAIT STUDIOS, INC.,
RICK LEBEL (alias JOHN DOE)
Defendants

# COMPLAINT

## The Parties

1. Plaintiff Kathleen T. Parks ("Parks") is a resident of the state of Rhode Island.

2. Defendant, Lifetouch Portrait Studios, Inc. ("Lifetouch") is a Minnesota Corporation, registered in Rhode Island to do business as a foreign business corporation.

3. Defendant Rick Lebel, alias John Doe ("Lebel"), is a current or former employee of Lifetouch.

## Jurisdiction

4. This Court has subject matter jurisdiction over this matter because Parks seeks damages and relief in excess of ten thousand dollars ($10,000.00).

5. This Court has personal jurisdiction over Lifetouch because it is registered in Rhode Island to do business as a foreign corporation, and it conducts sufficient business in Rhode Island to subject it to the personal jurisdiction of this Court.

6. This Court has personal jurisdiction over Lebel because, upon information and belief, he has sufficient contacts with Rhode Island to be subject to the personal jurisdiction of this Court.

7. The Rhode Island Commission For Human Rights issued a Notice Of Right To Sue to Parks on December 12, 2005.

## Facts

8. Parks is a woman over the age of forty-five years.

9. Lifetouch is in the business of photography, and operating portrait studios.

10. In 1992, Parks began working for Lifetouch.

11. For twelve years, from 1992 until approximately August 2004, Parks worked for Lifetouch in managerial positions.

12. For periods from approximately 1998 through 2000, and again from spring of 2002 until August of 2004, Lebel served as Parks' immediate supervisor at Lifetouch.

13. With the exceptions of the time periods under Lebel's supervision (delineated in paragraph 12), Parks received positive evaluations from Lifetouch, and received awards for her performance and achievements with the company.

14. During the periods under Lebel's supervision, Parks was subjected to the following acts of discrimination:

    (a) Wrongful denial of promotions and opportunities for promotion;
    (b) Disparate working conditions, job assignments, job requirements, and terms of employment from similarly situated younger and/or male employees;
    (c) Harassment.

15. Lifetouch failed to promptly investigate and take corrective action when acts of discrimination against Parks were reported.

16. The defendants retaliated against Parks for reporting acts of discrimination.

17. As a result of the facts alleged in paragraphs 8-16, Parks was constructively discharged from Lifetouch in or about August of 2004.

**COUNT I**
**(Rhode Island Fair Employment Practices Act - Discrimination)**

18. Parks hereby incorporates by reference paragraphs 1-17.

19. By the foregoing acts and omissions, the defendants maliciously and callously violated the Rhode Island Fair Employment Practices Act. R.I. Gen. Laws §28-5-1 *et. seq.*, as amended, by discharging and otherwise discriminating against Parks with respect to the terms, conditions, and privileges of employment, based on her gender and/or age.

20. Parks has been harmed thereby.

**COUNT II**
**(Rhode Island Fair Employment Practices Act - Harassment)**

21. Parks hereby incorporates by reference paragraphs 1-17.

22. By the foregoing acts and omissions, the defendants maliciously and callously violated the Rhode Island Fair Employment Practices Act. R.I. Gen. Laws §28-5-1 *et. seq.*, as amended, by harassing Parks because her gender and/or age.

23. Parks has been harmed thereby.

**COUNT III**
**(Rhode Island Fair Employment Practices Act - Retaliation)**

24. Parks hereby incorporates by reference paragraphs 1-17

25. By the foregoing acts and omissions, the defendants maliciously and callously violated the Rhode Island Fair Employment Practices Act. R.I. Gen. Laws §28-5-1 *et. seq.*, as amended, by retaliating against Parks for her exercising of rights under the Rhode Island Fair Employment Practices Act.

26. Parks has been harmed thereby.

**COUNT IV**
**(Rhode Island Civil Rights Act)**

27. Parks hereby incorporates by reference paragraphs 1-17.

28. By its conduct described herein, the defendants impermissibly interfered with Parks' right to make, perform, modify and terminate contractual and/or employment relationships and her enjoyment of all benefits, terms, and conditions of said contracts and relationships, resulting in harassment, disparate treatment, retaliation and unlawful discharge.

29. By its conduct described herein, the defendants violated the Rhode Island Civil Rights Act, R. I. G. L. § 42-112-1 *et. seq.*

30. Parks has been harmed thereby.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Kathleen T. Parks, prays for the following relief:

a) Permanently enjoin the defendants from violating the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §28-5-1 *et. seq.*, as amended; and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws §42-112-1 *et. seq.*;

b) Award compensatory damages for Parks' loss of wages, bonuses and benefits, as well as other compensatory damages resulting from the defendants' unlawful actions;

c) Award Parks pain and suffering damages;

d) Award Parks punitive damages in an amount sufficient to punish the defendants and to deter such unlawful actions in the future;

e) Award attorney's fees, pursuant to R.I. Gen. Laws §28-5-24.1; and R.I. Gen. Laws §42-112-3;

f) Award costs pertaining to the within litigation, pursuant to R.I. Gen. Laws §28-5-24.1; and R.I. Gen. Laws §42-112-3;

g) Award statutory interest;

h) Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

KATHLEEN T. PARKS

By her attorney,

ANDREW BERG Bar No. 4754
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-0113
(401) 274--0175 fax

**Jury Trial Demand**

Plaintiff hereby demands trial by jury on all issues triable by right to a jury.

Dated: March 13, 2005