UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KATHLEEN T. PARKS
:
v. : C.A. No. 06-166S
:
LIFETOUCH PORTRAIT STUDIOS, INC. :
AND RICK LEBEL (Alias John Doe) :

**DEFENDANTS' ANSWER**

Defendants Lifetouch Portrait Studios, Inc. and Rick Lebel ("Defendants") hereby answer the Complaint of Kathleen T. Parks ("Plaintiff") as follows:

**FIRST DEFENSE**

1. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph.

2. Admitted.

3. Admitted.

**JURISDICTION**

4. The allegations in Paragraph 4 state conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants admit that this court has jurisdiction over the types of claims listed but neither admit nor deny that the court has jurisdiction under the facts and circumstances of Plaintiff's specific claims.

5. The allegations in Paragraph 5 state conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants admit that

this court has jurisdiction over the types of claims listed but neither admit nor deny that the court has jurisdiction under the facts and circumstances of Plaintiff's specific claims.

6. The allegations in Paragraph 6 state conclusions of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants admit that this court has jurisdiction over the types of claims listed but neither admit nor deny that the court has jurisdiction under the facts and circumstances of Plaintiff's specific claims.

7. Defendants admit that the Rhode Island Commission for Human Rights issued a Notice of Right to Sue to Plaintiff. Defendants lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this Paragraph.

## FACTS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted that Lebel supervised Plaintiff at various times during her employment and that Plaintiff periodically received positive feedback during her employment. Defendants deny the remaining allegations of this Paragraph.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT I

### Rhode Island Fair Employment Practices Act -- Discrimination

18. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 17 of the Complaint.

19. Denied.

20. Denied.

## COUNT II

### Rhode Island Fair Employment Practices Act -- Harassment

21. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 20 of the Complaint.

22. Denied.

23. Denied.

## COUNT III

### Rhode Island Fair Employment Practices Act – Retaliation

24. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 23 of the Complaint.

25. Denied.

26. Denied.

## COUNT IV

### Rhode Island Civil Rights Act

27. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 26 of the Complaint.

28. Denied.

29. Denied.

30. Denied.

**SECOND DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Plaintiff's claims are barred by the doctrine of contributory negligence.

**FOURTH DEFENSE**

Plaintiff's own conduct was the proximate cause of any damages she sustained.

**FIFTH DEFENSE**

To the extent Defendants acted as alleged herein, their conduct was in good faith, justified, privileged and taken for legitimate business reasons.

**SIXTH DEFENSE**

Lifetouch Portrait Studios, Inc. maintained policies against discrimination and harassment. Plaintiff unreasonably failed to utilize the complaint procedure in the policy or to otherwise prevent the harm about which she now complains in this lawsuit.

**SEVENTH DEFENSE**

Plaintiff has failed to exhaust her administrative remedies.

**EIGHTH DEFENSE**

Plaintiff's Complaint is barred in whole or in part, by the applicable statutes of limitations.

**NINTH DEFENSE**

Plaintiff has failed to plead, and cannot prove, that Defendants engaged in wanton, willful, or reckless conduct sufficient to support and award of punitive damages.

**TENTH DEFENSE**

Plaintiff was not subjected to any adverse employment action as she voluntarily resigned.

WHEREFORE, Defendants respectfully request that the court:

1. Dismiss the Complaint against them with prejudice;
2. Enter judgment in their favor on all counts;
3. Award Defendants their costs and reasonable attorney's fees incurred in defending this action; and
4. Award Defendants such other and further relief as the court may deem just and appropriate.

LIFETOUCH PORTRAIT STUDIOS, INC. and
RICK LEBEL,
By their attorneys,

Stacie Boeniger Collier RI Bar #6059
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)

Dated: June 22, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true and accurate copy of the within Defendants' Answer to Andrew Berg, Esq., Sammartino & Berg LLP, 128 Dorrance Street, Suite 400, Providence, RI 02903 by regular mail, postage prepaid, this 22nd day of June, 2006.

Paula K Gordon